JOHN D. VERMULE, PLAINTIFF, v. CORNELIUS C. VERMULE, DEFENDANT.

Argued June 2, 1914—Decided October 1, 1914.

Where the complainant in a bill to restrain the collection of a personal judgment against him, deposits money with the clerk of the court for the indemnity of the judgment creditor enjoined, and upon dismissal of his bill, it appears that the deposit is not sufficient to fully satisfy the judgment with interest at the legal rate, because the rate allowed and collected by the clerk on such deposit is less than the legal rate, such loss of interest must be borne by the depositor, and the judgment creditor is only required to credit on his judgment, as interest, the amount paid to him by the clerk on account thereof.

---

On rule to show cause why an execution should not be stayed, and the judgment which it was issued to enforce should not be declared to be paid and satisfied.

Before Justices TRENCHARD and BERGEN.

For the rule, *Robert H. McCarter.*

Contra, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff recovered a judgment against the defendant in a personal action, who filed a bill in Chancery praying an injunction to restrain its collection. Before such injunction can issue, under the statute (1 *Comp. Stat.*, p. 434), the defendant is required to deposit the full amount of the judgment, or give a bond conditioned to pay the judgment and interest if the bill be dismissed. The defendant deposited the amount due on the judgment, instead of giving bond, with the clerk in Chancery. The bill was subsequently dismissed, and the decree ordered the clerk to pay to the defendant, or his solicitors, the sum "deposited with the said clerk in the above-entitled cause on or about August 1st, 1906, as a condition of staying execution * * * together with all accumulations of interest thereon, less the clerk's commissions under the rules and practice."

The interest collected and allowed was at the rate of three per cent., and the plaintiff, crediting the amount received on the judgment, now proposes to collect by execution the difference between the amount so received and the amount that would be due if interest be charged at the legal rate, namely, six per cent. The defendant obtained a rule to show cause why execution should not be stayed and the judgment declared paid and satisfied, which rule it is now moved be made absolute upon the ground that the deposit and its acceptance by the plaintiff absolves the defendant from further payment.

We do not consider that a deposit made with the clerk in order to obtain an injunction amounts to a satisfaction of the debt. It is a security required by the statute, and if not sufficient, does not estop the plaintiff from demanding whatever is due after applying the security.

We are not able to distinguish this case in principle from *Carpenter* v. *Easton and A. R. R.*, 28 *N. J. Eq.* 390. The plaintiff was deprived of the use of his money by the action of the defendant in obtaining the injunction; someone must suffer, and it should be the party who caused the loss.

The rule will be discharged.